**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03293-WJM-NRN

KAORI KEYSER,

     Plaintiff,

v.

TERRACON CONSULTANTS, INC.,

     Defendant.

---

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

---

     Defendant Terracon Consultants, Inc., by and through its counsel, Jackson Lewis P.C., hereby submits its Answer and Defenses to the Complaint ("Complaint") of Plaintiff Kaori Keyser ("Plaintiff") as follows:

#### STATEMENT OF THE CASE

     1.    Ms. Keyser was an employee of Defendant. Ms. Keyser has a medically diagnosed disability and requested reasonable, available accommodations from her employer of temporary reduced hours per week to obtain necessary treatment related to her disability and requested prompt feedback from her supervisor to identify any workplace deficiencies, which Defendant initially approved. Following Plaintiff's temporary reduction of hours and upon returning to full time hours, she suffered the adverse employment actions of discipline and eventual termination from employment as a result of her disability. Plaintiff brings claims of disability discrimination on the

basis of an actual disability and retaliation. Plaintiff brings these claims to recover compensatory damages, punitive damages, and emotional distress.

**ANSWER:**   Defendant admits Plaintiff was formerly employed by Defendant and she requested a temporary reduced schedule. Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's medical diagnosis or her intent to obtain treatment related to her disability and therefore denies the same. Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.     Plaintiff was employed as a "field environmental engineer" for Defendant and paid a salary. Plaintiff regularly worked over 40 hours per week prior to and following her temporary reduction of hours she requested. Plaintiff's position, duties, and tasks did not qualify for an exemption from overtime. The Colorado Wage Claim Act, § 8-4-101, et seq. (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, et seq., as implemented by COMPS #38 and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") contain various rules regarding employee wages and working hours. Defendant has violated Colorado's Wage Claim Act and Minimum Wage Act and the FLSA by failing to pay "time and one-half" premium pay for all overtime hours worked by Plaintiff. Plaintiff, therefore, files this action also to recover wages owed to her.

**ANSWER:**   Defendant admits Plaintiff was employed as a field environmental engineer and paid a salary. Defendant is without sufficient information to admit or deny the allegations regarding the number of hours Plaintiff worked and therefore denies the same. Plaintiff's allegation regarding the purpose of the Colorado Wage Claim Act, Colorado Minimum Wage Act, and Fair Labor Standards Act contains a legal conclusion to which no response is required.

To the extent a response is required, Defendant denies it violated these laws. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3.    Plaintiff Kaori Keyser brings this action under the Colorado Anti-Discrimination Act. as amended, C.R.S. § 24-34-401 et seq. (CADA), the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12102(2), and the Colorado Wage Claim Act, § 8-4-101.

**ANSWER:**  Paragraph 3 of Plaintiff's Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegation to the extent Plaintiff claims she is entitled to relief under the ADA, CADA, and CWCA.

4.    Plaintiff has exhausted all administrative prerequisites to the filing of this action.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.    Plaintiff requested a Notice of Right to Sue from the CCRD and EEOC on October 4, 2022.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.    Plaintiff received a Notice of Right to Sue from the CCRD on October 6, 2022.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.    The Court has jurisdiction over Defendant because it is a corporation registered to do business and operating under the laws of the State of Colorado.

**ANSWER:**   The allegations in Paragraph 7 of Plaintiff's Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is required and/or the allegations are construed to be factual in nature, Defendant admits that this Court has jurisdiction over Plaintiff's claims.

8.   The Court has jurisdiction over Plaintiff because she is at all times relevant, a resident of the State of Colorado.

**ANSWER:**  The allegations in Paragraph 8 of Plaintiff's Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is required and/or the allegations are construed to be factual in nature, Defendant admits that this Court has jurisdiction over Plaintiff.

9.   This Court has subject matter jurisdiction over the case under Colo. Const., Art. VI., §9 and pursuant to C.R.S. §13-1-124.

**ANSWER:** The allegations in Paragraph 9 of Plaintiff's Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is required and/or the allegations are construed to be factual in nature, Defendant admits that this Court has jurisdiction over Plaintiff's case.

10.   Venue is proper because Defendant is a corporation that has a location and conducts business in Fort Collins, Larimer County, Colorado, C.R.C.P. 98(c)(1), Larimer is the county designated in the complaint, C.R.C.P. 98(C)(1) and this is an action arising from acts that were committed in Larimer County, C.R.C.P. 98(C)(5).

**ANSWER:**  The allegations in Paragraph 10 of Plaintiff's Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is

4

required and/or the allegations are construed to be factual in nature, Defendant admits venue is proper in the United States District Court for the District of Colorado.

## PARTIES

11.   Plaintiff, Kaori Keyser, is and was, at all relevant times hereto, a resident of the State of Colorado, and was an employee of Defendant, and performed work for Defendant within the State of Colorado.

**ANSWER:**  Defendant admits Plaintiff was an employee of Defendant and performed work for Defendant in the State of Colorado. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12.   Defendant, Tarracon (sic), is and was at all relevant times hereto, a corporation registered to do business and operating under the laws of the State of Colorado, with its principal place of business located at 10841 S. Ridgeview Road, Olathe, KS 66061 with an office location in Fort Collins at 1901 Sharp Point Drive, Fort Collins, CO 80525.

**ANSWER:**  Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.   At all relevant times hereto, Defendant was and continues to be a covered entity and employer "engaged in an industry affecting commerce" within the meaning of the Americans with Disabilities Act, as amended, 42 U.S.C. § 1211(2), (5)(A).

**ANSWER:**  Paragraph 13 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14. At all relevant times hereto, Defendant was and continues to be a covered employer within the meaning of the Colorado Anti-Discrimination Act, C.R.S. § 24-24-401(3).

**ANSWER:** Paragraph 14 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15. At all relevant times hereto, Defendant was and continues to be an "employer" within the meaning of the Colorado Minimum Wage Act, C.R.S. §8-6-101, et seq., and the FLSA.

**ANSWER:** Paragraph 15 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

## FACTS

16. Defendant, Terracon is a consulting engineering firm specializing in environmental, facilities, geotechnical, and materials services which operates out of approximately 6 locations in Colorado and 175 locations across the United States.

**ANSWER:** Defendant admits the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Plaintiff was hired as a Field Environmental Engineer with Terracon on or about March 8, 2021.

**ANSWER:** Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18. During the onboarding process, Plaintiff disclosed her disability to Customer Service Representative, Pati Awapara, when the results of a pre-employment drug screening were delayed due to needing a verification of a medication prescription which Plaintiff holds due to her disability.

6

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19.    Plaintiff also disclosed her status as an individual with a disability in writing via the Voluntary Self Identification of a Disability Form which she signed and provided to Terracon on her first day of employment.

**ANSWER:**  Defendant admits Plaintiff marked that she has a disability on Defendant's Voluntary Self Identification of Disability Form. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.    Plaintiff began experiencing symptoms of her disability on or around September 2021

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, and therefore, denies the same.

21.    In September 2021, Plaintiff disclosed her disability to her supervisor.

**ANSWER:**  Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.    In September 2021, Plaintiff requested a reasonable accommodation of a temporarily reduced schedule to allow her to obtain necessary treatment related to her disability.

**ANSWER:**   Defendant admits that around September 2021, Plaintiff requested a temporary reduced schedule. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.    In September 2021, Plaintiff also requested a reasonable accommodation of prompt feedback from her supervisor about her work performance so she could address any deficiencies that may have been caused by the symptoms related to her disability.

**ANSWER:**  Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.    Defendant initially approved Plaintiff's request for a temporarily reduced schedule.

**ANSWER:**  Defendant admits the allegations in Paragraph 24 of Plaintiff's Complaint.

25.    After the discussion with her supervisor in September 2021, Plaintiff determined that she would work with Terracon's Employee Assistance Program which offered a Short-Term Disability plan. Under Defendant's Short Term Disability plan, she would work a modified part-time work schedule of up to 32 hours per week.

**ANSWER:**  Defendant admits that in September 2021, Plaintiff spoke with her supervisor regarding Terracon's Employee Assistance Program. Defendant denies Plaintiff's allegations in Paragraph 25 to the extent Plaintiff claims she disclosed her disability to her supervisor in September 2021. Defendant admits the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26.    Plaintiff's modified schedule due to her disability was intended to be in place from October 1, 2021, through November 1, 2021.

**ANSWER:**  Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.    Before beginning the modified schedule, Plaintiff disclosed the details of the modified schedule to her supervisor, including her return to full time work on November 1, 2021.

**ANSWER:** Defendant admits Plaintiff informed her supervisor that she intended to work a reduced schedule. Defendant denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28. During the time of her modified schedule in October of 2021, Plaintiff repeatedly reminded her supervisor and several coworkers of her availability to work full time beginning the first week of November 2021.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. After returning to full-time work on November 1, 2021, Plaintiff found that she was not assigned enough work to fill a full-time schedule.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. After reporting to full-time work on November 1, 2021, Plaintiff noticed a marked change in her supervisor's communication with her.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. After November 1, 2021, although Plaintiff informed her supervisor and other project managers that she needed additional work on multiple occasions, her requests were largely ignored.

**ANSWER:** Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. After November 1, 2021, Plaintiff also informed other Terracon employees with whom she regularly worked that she was available to take on additional work.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33.   In one instance during a January 21, 2022, meeting, it became clear that her supervisor failed to communicate to her that there was additional sample collection work that she could perform.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34.   Defendant requires employees, including field environmental engineers, to track time spent working, including time spent on matters that could be billed to clients.

**ANSWER:**  Defendant admits the allegations in Paragraph 34 of Plaintiff's Complaint.

35.   Defendant's time tracking includes both "chargeable" to clients and "non-chargeable" tasks that are required to be tracked by employees.

**ANSWER:**  Defendant admits the allegations in Paragraph 35 of Plaintiff's Complaint.

36.   Plaintiff made good faith attempts to report all of her time worked as accurately as possible throughout her employment with Terracon.

**ANSWER:**  Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.   On January 18, 2022, Plaintiff's supervisor raised the issue of Plaintiff's chargeability goal for that week.

**ANSWER:**  Defendant admits that on January 18, 2022, Plaintiff's supervisor raised the issue of Plaintiff's chargeability goal for the previous week. Defendant denies the remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38.   The importance of meeting chargeability goals had not been a significant concern of Plaintiff's supervisor prior to Plaintiff's accommodation of a temporarily modified schedule in October 2021.

**ANSWER:** Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.   On or before January 18, 2022, Plaintiff had sought out resources from the Division of Vocational Rehabilitation ("DVR") on job-related services for a potential increased work load that she anticipated due to being the only field employee after the recent departure of a team member and an injury of another.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40.   Plaintiff, in good faith, reported this time as "non-chargeable" time worked according to her reading of the Department of Labor Fact Sheet #22 which states "[A]ttendance at lectures, meetings, training programs and similar activities need not be counted as working time only if four criteria are met, namely: it is outside normal hours, it is voluntary, not job related, and no other work is concurrently performed". Because Plaintiff sought out DVR services within normal working hours for job related activities her understanding was those hours needed to be counted as hours worked, but not charged to any specific client.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41.   On or around January 18, 2022, Plaintiff's supervisor informed her he would need to create a Personal Improvement Plan for Plaintiff because he was getting pushback regarding Plaintiff's chargeability from his supervisors.

**ANSWER:** Defendant admits that on or around January 18, 2022, Plaintiff's supervisor discussed the possibility of placing Plaintiff on a Performance Improvement Plan. Defendant denies the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.  Plaintiff contacted Human Resources on January 19, 2021, requesting an appointment to obtain clarification about the expectations and Personal Improvement Plan on which she was being placed.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43.  Plaintiff never received a response to her January 19, 2021, request for a clarification.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44.  On January 24, 2022, Plaintiff received notice that she was being terminated for two instances of "timesheet fraud".

**ANSWER:**  Defendant admits the allegations in Paragraph 44 of Plaintiff's Complaint.

45.  The January 24, 2022, notice was the first and only time Plaintiff or any employee of Terracon ever mentioned a concern of "timesheet fraud" to Plaintiff during the course of her employment.

**ANSWER:**  Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.  Even though Plaintiff made multiple requests that her supervisor promptly notify her of any issues with her work performance because of her disability, her supervisor did not raise any concerns of timesheet fraud until the date of her termination.

**ANSWER:**  Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.   In both instances of alleged "timesheet fraud" Plaintiff accurately reported her time while experiencing an exacerbation of her disability or seeking to manage the symptoms related to her disability.

**ANSWER:**  Defendant denies Plaintiff accurately reported her time. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48.   Based on the job duties actually performed by Plaintiff for Defendant, her work was not subject to an exemption from overtime.

**ANSWER:**  Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.   Plaintiff regularly worked more than forty hours per week for Defendants.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50.   Plaintiff worked one or more hours in excess of forty hours per week, over the course of 46 weeks for which she was not compensated at the premium rate of time-and-a-half for overtime.

**ANSWER:**   Defendant denies that Plaintiff was entitled to overtime compensation. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 50 of Plaintiff's Complaint and therefore denies the same.

51.   Defendants' records of Plaintiff's pay show a pay at a salary of $1000 per week, and for Paid Time Off at a rate of $25/hour.

**ANSWER:** The documents referenced in Paragraph 51 of Plaintiff's Complaint speak for themselves. To the extent any allegations in Paragraph 51 of Plaintiff's Complaint conflict with those documents, Defendant denies the allegations.

52. Plaintiff is owed for an estimated 84.35 hours of overtime premium pay, estimated at an additional $3,163.12.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF
(Discrimination on the Basis of Disability-CADA)

53. Plaintiff hereby incorporates all allegations of the Complaint as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

54. Plaintiff is a member of a protected group – she is or was, at the time of termination from employment, a disabled individual as defined by the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401(3), *et. seq.*

**ANSWER:** Paragraph 54 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 54 of Plaintiff's Complaint and therefore denies the same.

55. Plaintiff's disability, major depression and bipolar disorder, substantially limited her in one or more major life activities.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 55 of Plaintiff's Complaint and therefore denies the same.

56.    Plaintiff was otherwise qualified for the position she was performing and was performing her job in a satisfactory manner.

**ANSWER:**  Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.    When Plaintiff requested the reasonable accommodations, including that which would allow her to temporarily work a reduced schedule and obtain timely feedback on her performance, Defendant approved the request. These requests did not place any undue burden on Defendant.

**ANSWER:**  Paragraph 57 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it approved Plaintiff's request to temporarily work a reduced schedule. Defendant denies the remaining allegations in Paragraph 57 of Plaintiff's Complaint.

58.    After Petitioner returned from her disability related reduced schedule, Defendant failed to provide Petitioner adequate work tasks to fill full time hours.

**ANSWER:**  Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.    Defendant failed to provide timely feedback to Petitioner including that it was their position that time researching disability related resources to perform her job duties was not time worked for purposes of her time tracking.

**ANSWER:**  Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.    Defendant failed to provide any feedback to Petitioner of concerns of "timesheet fraud" prior to the date of her termination.

**ANSWER:**  Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant consciously and purposefully discriminated against Plaintiff because of her disability in violation of CADA by refusing to provide reasonable accommodation of timely feedback, and by discharging her from her employment.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Based on Defendant's knowing and willful failure to accommodate Plaintiff's disability, Defendant took the adverse action of disciplining her for accurately reporting her time and by terminating her employment.

**ANSWER:** Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     As a direct and proximate result of Defendant's termination of Plaintiff's employment, Plaintiff has sustained damages, including, without limitation, past and future wage and benefit losses, reputational damages, emotional distress, inconvenience, humiliation, and mental suffering.

**ANSWER:** Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.

## <u>SECOND CLAIM FOR RELIEF</u>
(Retaliation-CADA)

64.     Plaintiff hereby incorporates all allegations of the Complaint as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

65.     After Plaintiff returned from her disability related temporarily reduced schedule leave, Defendant retaliated against her by failing to assign her adequate work to constitute full time hours.

**ANSWER:** Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.   After Plaintiff returned from her disability related temporarily reduced schedule leave, Defendant retaliated against Plaintiff by disciplining her for failing to meet chargeability requirements, despite numerous attempts by Plaintiff to obtain additional work.

**ANSWER:** Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.   After Plaintiff returned from her disability related temporarily reduced schedule leave Defendant retaliated against her by failing to give her timely feedback about any concerns they had regarding her accounting of her time worked, and subsequently terminating her for alleged "timecard fraud."

**ANSWER:** Defendant admits it terminated Plaintiff for timesheet fraud. Defendant denies the remaining allegations in Paragraph 67 of Plaintiff's Complaint.

68.   As a direct and proximate result of Defendant's retaliation and termination of Plaintiff's employment, Plaintiff has sustained damages, including, without limitation, past and future wage and benefit losses, reputational damages, emotional distress, inconvenience, humiliation, and mental suffering.

**ANSWER:** Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

## <u>THIRD CLAIM FOR RELIEF</u>
(Discrimination on the Basis of Disability – ADA)

69.   Plaintiff hereby incorporates all allegations of the Complaint as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

70.    Plaintiff is a member of a protected group, that is, she is or was, at the time of termination from employment, a disabled individual as defined by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12102(2).

**ANSWER:**  Paragraph 70 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny allegations in Paragraph 70 of Plaintiff's Complaint and therefore denies the same.

71.    Plaintiff's disability, major depression and bipolar disorder, substantially limited her in one or more major life activities.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 71 of Plaintiff's Complaint and therefore denies the same.

72.    Plaintiff was otherwise qualified for the position, and she was performing her job in a satisfactorily manner.

**ANSWER:**  Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73.    When Plaintiff requested the reasonable accommodations, including a temporarily reduced schedule and timely feedback, Defendant approved the request. These requests did not place any undue burden on Defendant.

**ANSWER:** Paragraph 73 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it approved Plaintiff's request for a temporary reduced schedule. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 73 of Plaintiff's Complaint and therefore denies the same.

74.    After Petitioner returned from her disability related reduced schedule, Defendant failed to provide Petitioner adequate work tasks to fill full time hours.

**ANSWER:**  Defendant denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75.    Defendant failed to provide timely feedback to Petitioner including that it was their position that time researching disability related resources to perform her job duties was not time worked for purposes of her time tracking.

**ANSWER:**  Defendant denies the allegations in Paragraph 75 of Plaintiff's Complaint.

76.    Defendant failed to provide any feedback to Petitioner of concerns of "timesheet fraud" prior to the date of her termination.

**ANSWER:** Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77.    Defendant consciously and purposefully discriminated against Plaintiff because of her disability in violation of the Americans with Disabilities Act of 1990, as amended by refusing to provide reasonable accommodation of timely feedback, and by discharging her from her employment.

**ANSWER:**  Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78.    Based on Defendant's knowing and willful failure to accommodate Plaintiff's disability, Defendant took the adverse action of disciplining her for accurately reporting her time spent on job-related matters and by terminating her employment.

**ANSWER:**  Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79.    As a direct and proximate result of Defendant's termination of Plaintiff's employment, Plaintiff has sustained damages, including, without limitation, past and future wage

and benefit losses, reputational damages, emotional distress, inconvenience, humiliation, and mental suffering.

**ANSWER:** Defendant denies the allegations in Paragraph 79 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
(Retaliation-ADA)

80.   Plaintiff hereby incorporates all allegations of the Complaint as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

81.   After Plaintiff returned from her disability related temporarily reduced schedule leave, Defendant retaliated against her by failing to assign her adequate work to constitute full time hours.

**ANSWER:** Defendant denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.   After Plaintiff returned from her disability related temporarily reduced schedule leave, Defendant retaliated against Plaintiff by disciplining her for failing to meet chargeability requirements, despite numerous attempts by Plaintiff to obtain additional work.

**ANSWER:** Defendant denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.   After Plaintiff returned from her disability related temporarily reduced schedule leave Defendant retaliated against her by failing to give her timely feedback about any concerns they allegedly had had regarding her accounting of her time worked, and subsequently terminating her for alleged "timecard fraud."

**ANSWER:** Defendant admits it terminated Plaintiff for timesheet fraud. Defendant denies the remaining allegations in Paragraph 83 of Plaintiff's Complaint.

84.   As a direct and proximate result of Defendant's retaliation and termination of Plaintiff's employment, Plaintiff has sustained damages, including, without limitation, past and future wage and benefit losses, reputational damages, emotional distress, inconvenience, humiliation, and mental suffering.

**ANSWER:**  Defendant denies the allegations in Paragraph 84 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
### (Unpaid Overtime - Violation of the Colorado Wage Claim Act)

85.   Plaintiff incorporates by reference all of the above paragraphs.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

86.   At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, § 8-4-101, et seq.

**ANSWER:**  Paragraph 86 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is an employer.

87.   At all material times, Defendant has employed "employees," including Plaintiff, within the meaning of the Colorado Wage Claim Act, § 8-4-101, et seq. Plaintiff was an employee of Defendant within the meaning of the Wage Claim Act from March 2021 through February 2022.

**ANSWER:**  Paragraph 87 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits Plaintiff was an employee from March 2021 until January 2022. Defendant denies it employed Plaintiff through February 2022.

88.   At all relevant times, Plaintiff performed duties that did not qualify for an exemption from overtime under the Colorado Wage Claim Act, § 8-4-101, et seq.

**ANSWER:** Paragraph 88 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

89.   At all material times, Plaintiff was not an "Administrative employee" within the meaning of the Colorado Minimum Wage Act, 7 CCR 1103-1 Rule 2.2.1 performing duties that regularly exercise independent judgment and discretion in matters of significance directly related to management policies or general business operations.

**ANSWER:** Paragraph 89 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of Plaintiff's Complaint.

90.   At all material times, Plaintiff was not an "executive" or "supervisor" within the meaning of the Colorado Minimum Wage Act, 7 CCR 1103-1 Rule 2.2.2. Plaintiff did not supervise the work of at least two full-time employees nor did she have the authority to hire and fire, or to effectively recommend such action.

**ANSWER:** Paragraph 90 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 90 of Plaintiff's Complaint.

91.   At all material times, Plaintiff was not a "professional employee" within the meaning of Colorado Minimum Wage Act, 7 CCR 1103-1 Rule 2.2.3.

**ANSWER:** Paragraph 91 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91 of Plaintiff's Complaint.

92.    At all material times, Plaintiff's primary duties included sample collection, field "supervision," and report writing.

**ANSWER:** Defendant admits Plaintiff's duties included, but were not limited to, sample collection, field supervision, and report writing.

93.    Plaintiff's duties involving sample collection did not require the consistent exercise of discretion and judgment but was rather mechanical work routinely completed by interns and construction contractors without any advanced degree or knowledge.

**ANSWER:** Paragraph 93 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of Plaintiff's Complaint.

94.    Plaintiff's duties of field "supervision" did not involve the consistent exercise of discretion and judgment as these duties required her to report any matters that may be significant to a supervisor for decision making.

**ANSWER:** Paragraph 94 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95.    Plaintiff's duties of report writing did not involve the consistent exercise of discretion and judgement that required either the (1) knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, or (2) invention, imagination, originality or talent in a recognized field of artistic or creative endeavor. Plaintiff's report writing duties primarily involved data entry into

predetermined templates and was a task routinely completed by others without any advanced training or learning.

**ANSWER:** Paragraph 95 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96.   At all material times, Plaintiff was not an "outside sales person" within the meaning of Colorado Minimum Wage Act, 7 CCR 1103-1 Rule 2.2.4.

**ANSWER:** Paragraph 96 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 96 of Plaintiff's Complaint.

97.   At all material times, Plaintiff was not an "owner or proprietor" within the meaning of Colorado Minimum Wage Act, 7 CCR 1103-1 Rule 2.2.5.

**ANSWER:** Paragraph 97 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 97 of Plaintiff's Complaint.

98.   At all material times, Plaintiff was not a "taxi cab driver" within the meaning of Colorado Minimum Wage Act, 7 CCR 1103-1 Rule 2.2.6.

**ANSWER:** Paragraph 98 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 98 of Plaintiff's Complaint.

99.   At all material times, Plaintiff was not an "in resident worker" within the meaning of Colorado Minimum Wage Act, 7 CCR 1103-1 Rule 2.2.7.

**ANSWER:** Paragraph 99 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 99 of Plaintiff's Complaint.

100. Plaintiff regularly worked more than forty hours per week for Defendants.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 100 of Plaintiff's Complaint and therefore denies the same.

101. Plaintiff worked one or more hours in excess of forty hours per week, over the course of 46 weeks for which she was not compensated at the premium rate of time-and-a-half for overtime.

**ANSWER:** Defendant denies Plaintiff was entitled to overtime compensation. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 101 of Plaintiff's Complaint and therefore denies the same.

102. Defendants' records of Plaintiff's pay show a pay at a salary of $1000 per week, and for Paid Time Off at a rate of $25/hour.

**ANSWER:** The documents referenced in Paragraph 102 of Plaintiff's Complaint speak for themselves. To the extent any allegations in Paragraph 102 of Plaintiff's Complaint conflict with those documents, Defendant denies the allegations.

103. Plaintiff is owed for an estimated 84.35 hours of overtime premium pay, estimated at an additional $3,163.12.

**ANSWER:** Defendant denies the allegations in Paragraph 103 of Plaintiff's Complaint.

104. As a result of the foregoing conduct, as alleged, Defendant has failed to pay overtime wages due under the Wage Claim Act and Minimum Wage Order. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

**ANSWER:** Defendant denies the allegations in Paragraph 104 of Plaintiff's Complaint.

105. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment in an amount equal to all unpaid wages and overtime. Such payment should be made in care of undersigned counsel at the listed address.

**ANSWER:** Defendant denies the allegations in Paragraph 105 of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
(Unpaid Overtime-Violation of the Fair Labor Standards Act)

106. Plaintiff incorporates by reference all of the above paragraphs.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

107. At all relevant times, Defendant has been an "employer" within the meaning of the Fair Labor Standards Act ("FLSA").

**ANSWER:** Paragraph 107 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is an employer.

108. At all relevant times, Defendant has employed "employees," including Plaintiff, within the meaning of the FLSA.

**ANSWER:** Paragraph 108 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it employed Plaintiff.

109.  Plaintiff was an employee of Defendant within the meaning of FLSA from March 2021 until February 2022.

**ANSWER:**  Paragraph 109 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it employed Plaintiff from March 2021 until January 2022. Defendant denies it employed Plaintiff until February 2022.

110.  At all material times, Plaintiff did not meet the requirements for the "executive exemption" as established under the Fair Labor Standards Act. 29 U.S.C. § 213.

**ANSWER:**  Paragraph 110 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits Plaintiff was not an executive. Defendant denies Plaintiff did not meet other exemptions under the FLSA.

111.  Plaintiff neither managing the enterprise, nor did she manage a customarily recognized department or subdivision of the enterprise.

**ANSWER:**  Defendant admits the allegations in Paragraph 111 of Plaintiff's Complaint.

112.  Plaintiff did not supervise the work of at least two full-time employees nor did she have the authority to hire and fire, or to effectively recommend such action.

**ANSWER:**  Defendant admits the allegations in Paragraph 112 of Plaintiff's Complaint.

113.  At all material times, Plaintiff did not meet the requirements for the "administrative exemption" as established under the Fair Labor Standards Act. 29 U.S.C. § 213 as she did not perform duties that regularly exercise independent judgment and discretion in matters of significance directly related to management policies or general business operations.

**ANSWER:**  Paragraph 113 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 113 of Plaintiff's Complaint.

114.  At all material times, Plaintiff did not meet the requirements for the "learned professional" as established under the Fair Labor Standards Act. 29 U.S.C. § 213.

**ANSWER:**  Paragraph 114 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114 of Plaintiff's Complaint.

115.  At all material times, Plaintiff's primary duties included sample collection, field "supervision," and report writing.

**ANSWER:**  Defendant admits Plaintiff's duties included, but were not limited to, sample collection, field supervision, and report writing.

116. Plaintiff's duties involving sample collection neither required "advanced knowledge" nor did it require the consistent exercise of discretion and judgment as this work was routinely completed by interns and construction contractors without any advanced degree or knowledge.

**ANSWER:**  Paragraph 116 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116 of Plaintiff's Complaint.

117.  Plaintiff's duties of field "supervision" did not involve the consistent exercise of discretion and judgment as she was required her to report any matters that may be significant to a supervisor for decision making.

**ANSWER:** Paragraph 117 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 117 of Plaintiff's Complaint.

118. Plaintiff's duties of report writing did not involve the consistent exercise of discretion and judgement that required either the (1) knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, or (2) invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

**ANSWER:** Paragraph 118 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 118 of Plaintiff's Complaint.

119. Plaintiff's report writing duties primarily involved data entry into predetermined templates.

**ANSWER:** Defendant denies the allegations in Paragraph 119 of Plaintiff's Complaint.

120. During Plaintiff's employment with Defendant, report writing duties similar to Plaintiff's duties were routinely completed by employees without any advanced knowledge or training.

**ANSWER:** Defendant denies the allegations in Paragraph 120 of Plaintiff's Complaint.

121. As a result of the foregoing conduct, as alleged, Defendant has violated FLSA. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

**ANSWER:** Defendant denies the allegations in Paragraph 121 of Plaintiff's Complaint.

122.   As a result, Plaintiff has been damaged in an amount to be determined at trial.

**ANSWER:**  Defendant denies the allegations in Paragraph 122 of Plaintiff's Complaint.

## <u>DOCUMENT PRESERVATION</u>

123.   As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

**ANSWER:**  Paragraph 123 of Plaintiff's Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations.

## <u>As To "Prayer for Relief"</u>

Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the claims for relief.

\*    \*    \*

## <u>AFFIRMATIVE DEFENSES</u>

1.    Defendant has not violated any rights or privileges of Plaintiff under any federal, state, or local laws.

2.    Plaintiff's claims for damages may be barred, in whole or in part, by her failure to mitigate her damages.

3.    Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

4.   Plaintiff's claims are barred to the extent Plaintiff failed to take advantage of preventative or corrective opportunities provided by Defendant's policies and practices, or to avoid harm otherwise.

5.   Defendant's actions regarding Plaintiff's employment were based on legitimate, non-discriminatory reasons and legitimate business concerns made in the best interests of Defendant.

6.   Defendant acted toward Plaintiff in good faith, and likewise acted in good faith in its efforts to comply with applicable laws.

7.   Plaintiff was an at-will employee and, therefore, subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

8.   In the event it is concluded that a prohibited factor motivated any act against Plaintiff (which it did not), Defendant would have made the same decisions regarding Plaintiff's employment absent a discriminatory or retaliatory motive.

9.   Any special damages Plaintiff seeks that she has not pled with specificity are barred.

10.   Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands, waiver, estoppel, and/or other equitable defenses.

11.   Even if Plaintiff is entitled to recover damages, which Defendant expressly denies, Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

12.  Plaintiff's claims are or may be barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs under applicable laws.

13.  Defendant reserves the right to rely on any and all further defenses that become available or appear during discovery in this action or otherwise and specifically reserves the right to amend its Answer for purposes of asserting such additional defenses.

WHEREFORE, Defendant asks the Court to enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice and award Defendant its costs, reasonable attorney's fees, and other costs allowable by law, and whatever additional relief the court deems just and proper.

Respectfully submitted this 4th day of January, 2023.

JACKSON LEWIS P.C.


*s/ Timothy M. Kratz*
Timothy M. Kratz
Emely Y. Garcia
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Timothy.Kratz@jacksonlewis.com
Emely.Garcia@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*


## CERTIFICATE OF SERVICE

I certify that on this 4th day of January, 2023, a true and correct copy of the foregoing **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** was filed and served electronically via CCEF, addressed to the following:

Kelli Riley
Rebekah Berry-Chaney
RILEY LAW LLC
1750 Foxtrail Drive, Unit B
Loveland, CO 80538
kelli@rileylawllc.com
rebekah@rileylawll.com

*Attorneys for Plaintiff*

s/ Tama Steinacher
for Jackson Lewis P.C.